**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000139
27-OCT-2015
08:05 AM**

CAAP-15-0000139

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NELVIN D. MALABED, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-14-01034)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)


Defendant-Appellant Nelvin D. Malabed (Malabed) was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (2007).[1] Malabed appeals from the Judgment entered by the District Court of the First Circuit (District Court)[2] on March 11, 2015. We affirm.

---

[1] HRS § 291E-61(a)(1) provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[2] The Honorable Paul B.K. Wong presided.

On appeal, Malabed argues that the OVUII charge was defective because: (1) it charged him in the disjunctive; and (2) it failed to define the term "alcohol." Malabed acknowledges that his disjunctive pleading argument was rejected by the Hawai'i Supreme Court in State v. Codiamat, 131 Hawai'i 220, 317 P.3d 664 (2013), and that his argument that the charge was defective for failing to define the term "alcohol" was rejected by this court in State v. Turping, No. CAAP-13-0002957, 2015 WL 792715 (Hawai'i App. Feb. 25, 2015), cert. denied, No. SCWC-13-0002957 (May 20, 2015).

I.

We resolve the arguments raised by Malabed on appeal as follows:

1. Plaintiff-Appellee State of Hawai'i (State) permissibly charged Malabed in the disjunctive. Codiamat, 131 Hawai'i at 226-27, 317 P.3d at 670-71; State v. Vaimilli, 135 Hawai'i 492, 499-501, 353 P.3d 1034, 1041-43 (2015).

2. The State was not required to define the term "alcohol" in its OVUII charge for the charge to be sufficient. Turping, 2015 WL 792715, at *2-5. The State's use of the term "alcohol" in its OVUII charge, without alleging the term's statutory definition, gave Malabed fair notice of the nature and cause of the accusation against him. Id. at *2.

II.

The District Court's Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 27, 2015.

On the briefs:

Samuel P. King, Jr.
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M Reifurth*
Associate Judge

2